

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Weldon B. Davis
County Attorney
Austin County
Bellville, Texas

Dear Sir:

O-3081

Opinion No. O-3081
Re: Can the commissioners'
court of Austin County,
under the stated facts,
enter an order reducing
or decreasing the ex-
officio compensation to
be paid to the County
Attorney for future
services at a meeting
other than the first
regular meeting in Jan-
uary?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"In order that I may correctly advise
the Commissioners' Court of Austin County I
would like to have your opinion in regard
to the following question:

"Austin County is now and was in 1939
a County with a population of less than
20,000 inhabitants according to the last
preceding Federal Census, and the Commis-
sioners' Court of Austin County has by its
orders duly made and entered of record at
its first regular meeting in January of
each calendar year since the effective date
of Article 3912e of the Revised Civil Stat-
utes of Texas determined that the county of-
ficers of Austin County shall be compensated
on the basis of fees earned by them in the

Honorable Weldon B. Davis, Page 2

performance of their official duties. On
April 22, 1939, a vacancy occurred in the
office of County Attorney of Austin County.
On said date, April 22, 1939, and during
the time the vacancy existed and before the
appointment to fill the vacancy was made,
the Commissioners' Court by an order duly
made and entered of record reduced the ex-
officio compensation to be paid the County
Attorney of Austin County from and after
said date from $1800.00 per year, or $150.00
per month, to $1200.00 per year, or $100.00
per month. The ex-officio compensation of
$1800.00 per year had been fixed at the
first regular meeting of the Commissioners'
Court in January, 1939. On April 25, 1939,
three days after such order reducing the ex-
officio compensation was made and entered of
record, the Commissioners' Court made the
appointment of a County Attorney to fill the
vacancy, and the person so appointed accepted
such appointment and qualified as such officer
with full knowledge of the action of the Com-
missioners' Court in reducing the ex-officio
compensation to be paid such officer, and in
fact such appointee before accepting such
appointment and before qualifying for such
office expressed to the Commissioners' Court
his satisfaction and his willingness to
serve as County Attorney at such reduced ex-
officio compensation. He has now, however,
presented to the Commissioners' Court his
claim for additional ex-officio compensation
for the period from the date of his qualifi-
cation to the end of the year 1939 at the
rate of $50.00 per month, that being the
amount the ex-officio compensation was re-
duced by the order of the Court made and
entered on April 22, 1939. The exact ques-
tion thus presented is whether the Commis-
sioners' Court of Austin County under the
facts related could at a meeting other than
the first regular meeting in January of each
year enter an order reducing or decreasing the
ex-officio compensation to be paid the County
Attorney for future services.

"In briefing the question I have come
to the conclusion that the provisions of
Article 3912e of the Revised Civil Statutes
relating to the times and the amounts and
the manner of fixing the salaries of county
officers, and the recent cases together with
the opinions handed down by your office con-
struing the provisions of this article, have
no application to the question presented for
the reason that Austin County is compensating
its officers on a fee basis and not on a
salary basis. Any authority the Commissioners'
Court has to allow, change or modify compensa-
tion for ex-officio services must be derived
from Article 3895 of the Revised Civil Statutes
of Texas and the construction given said ar-
ticle by the courts of our State. In my opinion
the case of Collingsworth County vs. Myers, 35
S. W. 414, definitely settles the issue and cor-
rectly answers the question in the affirmative.
My conclusion that the Court could on April 22,
1939, and as for that matter at any time, law-
fully enter the order changing or reducing the
ex-officio compensation of the County Attorney
for future services is further fortified by the
statements found under the title 'Public Of-
ficers' in 34 Texas Jurisprudence, Sec. 107, on
page 511, and in the same volume and under the
same title on pages 526-529, Sec. 115, and the
authorities there cited."

We have carefully considered your letter, together
with the statutes and authorities mentioned therein, and agree
with the conclusion reached by you.

Article 3895, Vernon's Annotated Civil Statutes,
reads as follows:

"The Commissioners' Court is hereby
debarred from allowing compensation for ex-
officio services to county officials when the
compensation and excess fees which they are
allowed to retain shall reach the maximum
provided for in this chapter. In cases where
the compensation and excess fees which the
officers are allowed to retain shall not
reach the maximum provided for in this chapter,
the Commissioners' Court shall allow compensa-
tion for ex officio services when, in their

judgment, such compensation is necessary,
provided, such compensation for ex officio
services allowed shall not increase the
compensation of the official beyond the
maximum of compensation and excess fees
allowed to be retained by him under this
chapter. Provided, however, the ex of-
ficio herein authorized shall be allowed
only after an opportunity for a public
hearing and only upon the affirmative
vote of at least three members of the
Commissioners' Court."

We quote from Texas Jurisprudence, Vol. 34, P. 527,
as follows:

"* * * the commissioners' court has
power to fix the compensation of an officer,
it may change the amount at any time, even
during his term of office. Thus its orders
fixing the compensation of officers for ex-
officio services are not contracts or judg-
ments against the county, and may be changed,
modified, repealed or revoked at any time
before the money has actually been paid out
to the officer. * * *."

We quote from the case of Collingsworth County v.
Myers, 35 S. W. 414, as follows:

"* * *. We are of opinion that, in
auditing and fixing the amounts to be paid
such officers for ex officio services, the
commissioners' court acts in a legislative
capacity more than in a judicial, and that
such orders are not judgments against the
county, and that, whenever the commissioners
conclude, for any reason, that such allowances
are too great or too small, they have the
right and power, at any time before the
money is actually paid out to the officer,
to change, modify, or even entirely repeal
or revoke, the order. * * *."

In view of the foregoing authorities, the above stated
question is answered in the affirmative.

Honorable Weldon B. Davis, Page 5

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:RS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN